FILED
SUPERIOR COURT
OF GUAM

2014 AUG -5 AM 9: 56

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT**
**OF GUAM**

| | |
|---|---|
| RADHI P. HEMLANI, individually and in her capacity as Executrix of the Estate of P.D. Hemlani, <br><br> Plaintiff <br><br> vs. <br><br> RK INCOPRORATION, <br><br> Defendant. | ) Civil Case no. CV0525-11 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **Decision and Order** <br> ) <br> ) <br> ) <br> ) <br> ) |

**INTRODUCTION**

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam Plaintiff's Motion to Dismiss Counterclaims was taken under advisement on August 4, 2014. Plaintiff was represented by attorney William M. Fitzgerald. Defendant was represented by attorney Thomas M. Tarpley Jr. After having carefully considered, received, and reviewed the arguments, papers, and the file herein the Court finds Plaintiff's motion moot and enters an expedited scheduling order.

**BACKGROUND**

This matter arises out of Plaintiff's March 24, 2011, pleading entitled, Complaint on Promissory Note. In it Plaintiff alleges Defendant executed a September 18, 2002 promissory note, payable to Plaintiff for $120,000.00, with an annual interest rate of 18%. In her pleading Plaintiff seeks a judgment against the Defendant for $120,000.00, together with interest.

ORIGINAL

After multiple disqualifications and reassignments this matter was assigned to this Court. On May 21, 2013, Defendant filed a Form 7.1 for two motions: one to bar action and dismiss and a second to dismiss for failure to prosecute. The Court on October 8, 2013, entered an order denying the Defendant's motions and ordering that the Parties meet and submit an expedited scheduling order which included a proposed trial date within six months.

Unable to reach an agreement as to a timely trial date, Plaintiff submitted a proposed scheduling order on February 5, 2014. The file reflects that Defendant discharged its attorney on March 11, 2014. Plaintiff then applied for entry of a default on March 19, 2014. Defendant, through its new attorney Thomas Tarpley filed its Answer and Counterclaims on April 23, 2014, three years after the filing of the complaint.

Defendant's answer contained three numbered counterclaims. The first alleges mutual mistake, duress and equitable claims of unjust enrichment. The second alleges wrongful lien and malicious prosecution. The third asserts that based upon the allegations in the first and second counterclaims, Defendant is entitled to cancellation of instrument.

On June 9, 2014, Plaintiff filed a motion to dismiss Defendant's counterclaims. In its motion Plaintiff argues that Defendant's counterclaims fail to contain any direct allegations from which any inference may fairly be drawn of a cognizable legal theory. As to Count I, Plaintiff argues that Defendant's concessions evidence a statutory bar to any claim for fraud, mistake or cancellation of instrument. As to Count II, Plaintiff, citing a 1938 decision by the California District Court of Appeal, argues that a claim of malicious prosecution requires a showing that the former proceeding terminated in his favor. As to Count III, Plaintiff argues that because it is dependent upon Count I and II is therefore also barred.

Defendant on July 10, 2014, it filed an Amended Answer and Counterclaims. This pleading also contains three counterclaims. The first claim was amended to assert the breach of a 2006 and October 2007 repayment and recission agreement and action on a book account. The second claim was amended to one for slander of title. Defendants third claim remains substantially the same; for return and cancelation of the promissory note.

ORIGINAL

On July 14, 2014, Defendant filed its opposition to Plaintiff's motion to dismiss. In it Defendant argues that Plaintiff motion was made moot by the filing of its July 10, 2014 amended pleading.

## DISCUSSION

I.

Rule 12(b)(6) provides that:

> every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (6) failure to state a claim upon which relief can be granted.

Guam R.Civ. P. 12(b)(6) (2008). Under Rule 12(b)(6), the facts in the complaint are presumed to be true, and the complaint is liberally construed in favor of the Plaintiff. *First Hawaiian Bank v. Manley*, 2007 Guam 2, ¶ 9. Generally, a motion to dismiss under Rule 12(b)(6) should be disfavored and doubts should be resolved in favor of the pleader, unless no set of facts could support the claims as plead. *Id.*

Under the above standard a review of the amended and additional assertions in Defendant's Amended Counterclaim reveal significant and material changes in asserted facts and notice of legal actions. Accordingly the Court finds Plaintiff's motion has been rendered moot.

II.

Rule 16 of the Guam Rules of Civil Procedure regulates the entry of scheduling orders in any action pending before a court. Guam R. Civ. P. 16(a). It grants a court the discretion to direct the expedited disposition of an action, control protracted case management, discourage wasteful pretrial activities, require thorough pretrial preparation and facilitate settlement. *Id.* Guam R. Civ. P. 16(a). It further allows the entry of an order that limits and establishes

ORIGINAL

deadlines for the: joiner of parties, filing of motions, amendment of pleadings, completion of discovery and establishment of dates for a final pretrial conference and trial. *Id.* (b). Once such an order has entered the rule further requires that prior to its amendment there be a showing of good cause. *Id.*

Under the above standard and in consideration of the length of time this matter has been pending, as well as the Guam Supreme Court's Administrative Rules 006-001 and 13-003, the Court finds the entry of the following dates and deadlines necessary to a resolution of this matter:

1. The Plaintiff's February 5, 2014 Scheduling Order is adopted and amended as follows:

2. All motions to join or add parties or claims may not be filed unless a showing of good cause is made;

3. The discovery cut-off date (defined as the last day to file responses to discovery and complete depositions) is September 15, 2014;

4. All discovery motions shall be filed on or before September 15, 2014;

5. All dispositive motions shall be filed on or before October 15, 2014;

6. A Pretrial Conference in this matter is set for November 18, 2014, at 11:00 a.m.

7. The Parties' pretrial materials, discovery materials, witness lists, designations, and exhibit lists shall be filed 14 days prior to the trial set in this matter;

8. A two day trial by a jury of six is set to commence on December 1, 2014, at 1:30 p.m.

ORIGINAL

## CONCLUSION

Based on the foregoing, the Defendant's motion to dismiss counterclaims is DENIED.

SO ORDERED, this _____ 5th _____ day of _____ Aug _____, 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the
original hereto was placed in the
court box of:

W. Fitzgerald
J. Tarpley

Date: 8/5/14   Time: 11:30 am.

Deputy Clerk, Superior Court of Guam

ORIGINAL